Cortlandt St. Recovery Corp. v TPG Capital Mgt., L.P. (2023 NY Slip Op 50542(U))

[*1]

Cortlandt St. Recovery Corp. v TPG Capital Mgt., L.P.

2023 NY Slip Op 50542(U)

Decided on June 5, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2023
Supreme Court, New York County

Cortlandt Street Recovery Corp., Plaintiff,

against
TPG Capital Management, L.P., David Bonderman, James Coulter, TPG Genpar IV, L.P., TPG Partners IV, L.P., TPG Advisors IV, Inc., T3 Genpar II, L.P., T3 Partners II, L.P., T3 Parallel II, L.P., Apax Partners, L.P., Defendant.

Index No. 651176/2017

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 011) 263, 264, 265, 266, 267, 268, 269, 270, 274, 275, 276, 277, 278, 279, 280, 281 were read on this motion to/for CONTEMPT.
In this motion, Cortlandt Street Recovery Corporation ("plaintiff") moves for an order, pursuant to CPLR 5104 which, if granted, would hold individual defendants David Bonderman and James Coulter in civil contempt. For the reasons stated below, the motion is denied.
 Background
The basis for the plaintiff's motion is that individual defendants allegedly violated Justice Edmead's October 22, 2020 order which addressed defendants' initial motion to dismiss (see NYSCEF Doc. No. 130). In this decision, among other things, Justice Edmead held that "Cortlandt is entitled to jurisdictional discovery as to Bonderman and Coulter" and that "Bonderman and Coulter may renew their motion to dismiss upon completion of this discovery" (id. at 14, 16). The Notice of Entry was entered on November 02, 2020. According to plaintiff, a jurisdictional discovery was never completed, yet defendants moved to dismiss plaintiff's amended complaint.
More specifically, some five months after Justice Edmead decided the initial motion to dismiss, and without serving any discovery demands in the meantime, plaintiff amended its complaint on April 05, 2021. On May 17, 2021, all remaining defendants, including individual defendants Bonderman and Coulter, moved to dismiss. By the time this court had an opportunity to prioritize this motion, the court had already granted in part defendants' motion to dismiss plaintiff's amended complaint (NYSCEF doc. no. October 25, 2022). Some defendants were dismissed from the case, while others remained in the action. Individual defendants, including Bonderman and Coulter, were dismissed. Concerning Bonderman and Coulter, the court held [*2]that it had no personal jurisdiction on alter ego grounds as it relates to those two individual defendants because there was nothing in the amended complaint that suggested "any specific and meaningful non-conclusory involvement by Bonderman and Coulter with Hellas II or the indenture or the transaction" (id. at 22).
On November 22, 2021, over a year after Justice Edmead had rendered her decision on the initial motion to dismiss, plaintiff filed this motion in contempt, arguing that Bonderman and Coulter disobeyed Justice Edmead's order which demanded jurisdictional discovery. According to plaintiff, defendants have violated the order by filing their motion to dismiss in response to plaintiff amending its complaint. Defendants maintain that all discovery, including jurisdictional discovery, had long ended and that, therefore, defendants were not violating any order. Moreover, defendants maintain, and plaintiff does not dispute, that plaintiff served its first post-decision jurisdictional discovery request on June 17, 2021, almost eight months after Justice Edmead's order. Defendants also maintain that, at the time when Justice Edmead rendered her decision, there was a discovery order in place which provided that "[i]f the parties agree to additional discovery, it shall be completed within 90 days of service of notice of entry of the decision on the motion to dismiss," and "shall be subject to Court approval" (NYSCEF doc. no. 99 at ¶ 3-5). Finally, defendants allege, and plaintiff does not dispute, that plaintiff never contacted chambers to request a rule 14 conference or address outstanding discovery issues in any other formal way. Likewise, to this date, plaintiff has never moved to compel further discovery.

 Analysis
Longstanding New York Court of Appeals precedent requires that each element for contempt be satisfied by clear and convincing evidence (El-Dehdan v. El Dehdan, 26 NY3d 19, 29 [2015]). Specifically, the movant must establish, by clear and convincing evidence, that: (1) "a lawful order of the court, clearly expressing an unequivocal mandate, was in effect"; (2) "it must appear, with reasonable certainty, that the order has been disobeyed"; (3) "the party to be held in contempt had knowledge of that court's order"; and (4) "prejudice to the right of a party to the litigation" (id.).
Concerning the first two elements required to establish contempt, there is no court order expressing an unequivocal mandate in effect that was disobeyed by the individual defendants. Justice Edmead indeed held that plaintiff was entitled to additional discovery with respect to the individual defendants, but that order, which was issued in October 2020, contained no directions specifying the timeframe for completing additional discovery. The exclusion of such specifications is understandable, considering that discovery timelines are rarely decided in the context of motions to dismiss, and are instead determined during discovery conferences, which plaintiff never requested. Moreover, Justice Edmead's exclusion of deadlines for completing additional discovery cannot be interpreted as an infinite authorization to serve additional discovery requests at any point that plaintiff wishes, no matter how many months have lapsed since the court's order. If plaintiff fails to act for a considerable amount of time, it is reasonable to assume, both for defendants as well as for this court, that plaintiff has abandoned the issue.
Here, the court's decision was announced in late October 2020. Parties served the notice of entry on November 02, 2020. Still, plaintiff did not officially serve any requests for additional discovery until June of 2021. Moreover, at the time when the court's decision was rendered, there was a valid discovery order in place that contemplated the possibility of additional discovery. Although the order contemplated a situation in which the parties agree to engage in [*3]additional discovery (as opposed to being ordered by the court to do so), the order still specified that, to the extent there is any additional discovery, it shall be completed within 90 days of service of notice of entry of the decision on the motion to dismiss, and "shall be subject to Court approval" (NYSCEF doc. no. 99 at ¶ 3-5). Plaintiff did not abide by this requirement.
Cortlandt nonetheless argues that its requests were permissible and timely because they were served "on the individual defendants on June 17, 2021, within 90 days of the entry of the court's order on the TPG defendants' motion for reconsideration of its motion to dismiss" (Pl Mem at 13). This position is contrary to the plain language of the discovery order, in that the additional requests were served within 90 days of notice of entry of the reargument order, and not within 90 days of notice of entry of the dismissal order.
Justice Edmead's order and the discovery order in effect at the time of Justice Edmead's decision, therefore, whether taken individually or collectively, cannot be read as having unequivocally required the individual defendants to respond to plaintiff's untimely requests. Thus, those orders did not bar defendants from filing their motion to dismiss at the time they did so (which undisputedly occurred almost eight months after Justice Edmead decided the original motion to dismiss and which came only in reaction to plaintiff having amended its complaint).
Therefore, Cortlandt cannot establish an essential element in support of its motion for contempt (Bennet v Liberty Transit Lines, Inc., 106 AD3d 1038 [2nd Dept 2013] [contempt finding improper where parties disputed interpretation of court order, movant failed to schedule court conference to resolve dispute, and failed to establish by clear and convincing evidence that non-movant had disobeyed]; Massimi v Massimi, 56 AD3d 624 [2nd Dept 2008] [movant failed to establish disobedience of unequivocal mandate where conflicting orders rendered non-movant's obligations "conflicting and unclear"]).
In addition, to the extent that Cortlandt intended to take advantage of Justice Edmead's permission for plaintiff to engage in additional discovery, Cortlandt needed to comport to Commercial Division Rules and Part 43 Rules. Rule 14 of the Commercial Division Rules requires that "[c]ounsel must consult with one another in a good faith effort to resolve all disputes about disclosure" (22 NYCRR § 202.70 Rule 14). If counsel cannot resolve the dispute, counsel "shall submit a letter to the court . . . outlining the nature of the dispute and requesting a telephone conference" (id.) The letter also "must include a representation that the party has conferred with opposing counsel in a good faith effort to resolve the issues raised in the letter or shall indicate good cause why no such consultation occurred" (id.). The non-moving party is allowed to respond (id.). After the letters are filed, "the court will schedule a telephone or in-court conference with counsel" (id.).
Here, although the parties attempted to resolve their discovery disputes, they were unsuccessful. In violation of Rule 14, plaintiff never contacted the chambers to inform the court of the parties' inability to engage in additional discovery or to seek assistance. Plaintiff never requested a Rule 14 conference, never sent any correspondence indicating the existence of the dispute, and ultimately, never even moved to compel additional discovery. Therefore, from this court's perspective, there was never an indication that plaintiff intended to proceed with further discovery. Such a conclusion is especially reasonable as this case has been litigated for over six years (and the corresponding PIK notes case has been litigated for even longer). Though this court may have been aware of Justice Edmead's prior order, due to plaintiff's inaction concerning the issue of additional discovery, the court would have been entitled to consider, and did consider, the issue abandoned. It follows that individual defendants were within their rights to [*4]oppose plaintiff's amended complaint and that no sanctions can be imposed based on such conduct.
Accordingly, it is hereby
ORDERED that Cortlandt's motion for contempt (mot. seq. no. 011) is denied.
Dated: June 5, 2023
Robert R. Reed, J.S.C.